**JEFFREY FELDMAN**
        **Petitioner-Defendant,**

      **v.**                                                   **Case Bo. 16-C-774**
                                                               **(Criminal Case No. 13-CR-155)**

**UNITED STATES OF AMERICA**
        **Respondent-Plaintiff.**

## RULE 4 ORDER

In this action under 28 U.S.C. § 2255, petitioner Jeffrey Feldman moves to vacate his 120-month sentence for receipt of child pornography. He has also filed motions to compel access to a printer and to introduce evidence on CDs. For the reasons that follow, I will direct the government to answer the § 2255 motion, deny as moot the motion to compel access to a printer, and grant the motion to introduce evidence on CDs.

**I.**

The government charged petitioner with five counts of receipt of child pornography, 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Pursuant to an agreement with the government, petitioner pleaded guilty to one of the receipt counts, which carried a statutory penalty range of 5-20 years in prison, 18 U.S.C. § 2252A(b)(1), with the government agreeing to dismiss the remaining counts at sentencing. (Plea Agreement [R. 62] at 3 ¶ 7.) The agreement further indicated that the parties would jointly recommend a sentence of 10 years' imprisonment. (R. 62 at 7 ¶ 21.) Finally, the agreement contained a waiver of petitioner's right to appeal his sentence or

challenge his conviction or sentence in any post-conviction proceeding, except for (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, (3) ineffective assistance of counsel, and (4) any restitution issues. (R. 62 at 10-11 ¶ 35.)

At the August 14, 2015, sentencing hearing, I adopted the guideline calculations in the pre-sentence report: offense level 31, criminal history category I, and 151 to 188 months imprisonment. On consideration of the factors under 18 U.S.C. § 3553(a), I sentenced petitioner to 120 months in prison, as jointly recommended by the parties, followed by eight years of supervised release with various conditions, generally taken from the conditions recommended in the pre-sentence report. I asked counsel if there were any objections to the conditions imposed, and both sides said no. (Sen. Tr. [R. 79] at 52.) I did not impose restitution. Pursuant to the government's motion, I dismissed the other counts. I also recommended the RDAP program. Petitioner took no direct appeal.

On June 22, 2016, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion and supporting memorandum, he raises four claims.

First, petitioner challenges the conditions of supervised release and the length of his sentence. Specifically, he attacks several conditions of supervision under the Seventh Circuit's Thompson line of cases, see, e.g., United States v. Kappes, 782 F.3d 828 (7th Cir. 2015); United States v. Thompson, 777 F.3d 368 (7th Cir. 2015); he asks the court to consider the 20 months he spent on pre-trial release, which included a home detention condition; and he contends that the sentencing guidelines were excessive and unjust, and that the sentence was too harsh and out of line with sentences imposed in similar cases.

On the second claim, petitioner alleges a violation of his due process right to be

2

sentenced based on accurate information. Specifically, he contends that the offense level was wrong, the court was not made aware of the strict house arrest condition, the court was misadvised about when he started treatment, the prosecutor overstated the harm to the victims, the court should not have received victim impact statements dated prior to the date of the search of his residence, the prosecutor misled the court regarding the number of images, and the government exaggerated the number of devices used in the commission of the offense.

Third, petitioner alleges ineffective assistance of counsel. Specifically, he faults his lawyers for failing to object to certain guideline calculations, failing to apprise the court of criticisms of the child pornography guideline, misadvising him regarding his prison exposure, failing to advise him of the § 3553(a) factors and how they could apply, failing to advise him that counts four and five occurred on the same date and that one of them should have been dismissed, failing to advise him that possession is a lesser included offense of receipt, failing to ask for 20 months of house arrest to be counted towards his sentence, failing to correctly advise him regarding the RDAP, blaming the government for the victims' selection, failing to use any case-law to dispute the victim impact statements, failing to seek modification of vague supervised release conditions, failing to defend him against malicious prosecutorial techniques, failing to ask for return of cell phones which did not contain child pornography, failing to investigate a civil suit brought against him, and failing to correct various errors in the PSR. He concludes that, as a result of all of these deficiencies, it was not an intelligent decision for him to accept a plea deal with a 10 year sentence.

Fourth, petitioner alleges prosecutorial misconduct and vindictiveness. He contends that the government used misleading information, violated discovery rules, slandered him, abused the judicial process to get him fired, engaged in needless litigation, overcharged him, violated

3

his 5th Amendment rights, harassed him by making him justify his assets, and abused the judicial process with respect to restitution and the civil case. He alleges that the government became vindictive after it was unable to force him to decrypt his hard drives.

On July 5, 2016, petitioner filed a motion to compel access to a printer. In the motion, he indicates that the BOP has denied him access to a printer. It appears that he wants this service in order to print out documents from discovery CDs and present this information to the court. He cites 28 U.S.C. § 1361, the mandamus statute, as authority for the order he seeks.

On July 15, 2016, petitioner filed a motion to introduce evidence on CDs. The CDs apparently contain information pertinent to his claims in this action. On July 21, 2016, a paralegal from petitioner's former attorney's office provided to the clerk of court a sealed envelope containing several discs, apparently the discovery discs referenced in petitioner's July 15 motion.

**II.**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of such motions:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Given the scope of petitioner's claims, at least some of which appear to raise

4

constitutional issues, a response from the government would be helpful in assessing the motion. I will therefore direct the government to respond. I will give the government 60 days, given the number of claims.

It is doubtful that I have jurisdiction to order prison officials at FCI-Forrest City to give petitioner access to a printer. In any event, the motion appears to be moot, as petitioner has presented the court with CDs which apparently contain the documents he wanted to print. I will deny the motion to compel as moot. I will grant the motion to introduce evidence on CDs to the extent that this material will be received by the clerk and maintained in the court file. I will determine on review of the government's response whether further evidentiary proceedings are necessary.

**III.**

**THEREFORE, IT IS ORDERED** that the government file a response to petitioner's § 2255 motion on or before **October 4, 2016**.

**IT IS FURTHER ORDERED** that petitioner's motion to compel (R. 3) is **DENIED AS MOOT.**

**FINALLY, IT IS ORDERED** that petitioner's motion to introduce evidence on CDs (R. 4) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

5